CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAY 30 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| JULIAN D. JOHNSON, | ) | CASE NO. 3:05CV00046 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| JO ANNE B. BARNHART, Commissioner | ) | By: B. Waugh Crigler |
| of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's August 20, 2003 claim for a period of disability and disability income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an order enter REVERSING the Commissioner's final decision, GRANTING the plaintiff's motion for summary judgment, entering judgment for the plaintiff and RECOMMITTING the case to the Commissioner solely to calculate and pay proper benefits.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff, who was 37 years old with a seventh education and with past relevant work as a fork lift operator, general laborer, and cleaner/janitor, had not engaged in substantial gainful activity since his amended alleged date of disability onset,

November 1, 2003; and was insured for benefits at least through December 31, 2008. (R. 16, 24.) The Law Judge further found that plaintiff has status post head injuries[1], degenerative disc and bone disease of the cervical and lumber spine, obesity[2], headaches, an anxiety disorder, an adjustment disorder with depressed mood, a cognitive disorder, and prescription medication dependence, which are collectively severe impairments, though not severe enough to meet or equal any listed impairment. (R. 20, 24.) The Law Judge was of the view that plaintiff's allegations with respect to his functional limitations were not fully credible, and that he retained the residual functional capacity to perform a significant range of light work[3]. (R. 21, 23-24.) Because plaintiff could not perform the lifting required in his former jobs, the Law Judge determined that plaintiff could not return to his past relevant work. (R. 22-23, 24.) By application of the Medical-Vocational Guidelines ("grids") to plaintiff's exertional and non-exertional limitations and by reference to testimony provided by the vocational expert (VE), the Law Judge concluded that jobs as a car detailer, janitor/cleaner, and a bus person were available to plaintiff. (R. 23, 24.) Thus, the Law Judge determined that he was not disabled under the Act. (R. 23, 24.)

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no basis

---

[1] Plaintiff sustained head injuries on February 1, 2001 and December 5, 2002. (R. 16, 18, 20.)

[2] Plaintiff is 73 inches tall and weights 256 pounds. (R. 16.)

[3] As limitations on this finding, the Law Judge noted that the work excluded jobs with detailed instructions and extended periods of concentration. The jobs must also involve only occasional interaction with supervisors, occasional interaction with coworkers, occasional interaction with the general public, and occasional changes in work setting or procedure. (R. 21, 24.)

2

in the record, or in the reasons the plaintiff advanced on appeal, to review the Law Judge's decision. (R. 12-14.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

In his "Combined Motion" and memorandum, plaintiff contends that the Commissioner failed to carry her burden of proof at the fifth step of the sequential evaluation because she failed give proper weight to the opinion of the Commissioner's own examining psychologist, David Leen, Ph.D.

Leen conducted a psychiatric interview and mental status examination on plaintiff on November 6, 2003, which was subsequently reviewed on March 8, 2005 and the findings expanded. (R. 269-272; R. 353-354.) Leen opined that plaintiff's GAF was 40[4] and that he was unable to maintain reliable attendance in the workplace; his ability to deal appropriately with coworkers, supervisors, and the public were markedly impaired; and he had a limited reserve stress tolerance and would find the usual stresses of a competitive workplace frequently overwhelming. (R. 269-272, 353-354.) In sum, Leen determined that plaintiff was "unable to perform work activities of any kind with or without additional supervision." (R. 272.)

The Law Judge gave "reduced weight" to Leen's opinion. (R. 22.) The undersigned concludes that the Law Judge erred in giving "reduced weight" to Leen's opinion. The Commissioner has failed to put forth psychological evidence to refute Leen's opinion that

---

[4]A GAF of forty indicates some impairment in reality testing or communication, or major impairment in several areas such as work or school, family relations, judgment, thinking, or mood. *See* Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders* 34 (4th TR. ed.2000).

3

plaintiff's psychological conditions preclude him from performing any substantial gainful activity. Thus, the Commissioner's final decision which failed to credit the limitations expressed by Leen is not supported by substantial evidence.

Therefore, it is RECOMMENDED that an order enter REVERSING the Commissioner's final decision, GRANTING the plaintiff's motion for summary judgment, entering judgment for the plaintiff and RECOMMITTING the case to the Commissioner solely to calculate and pay proper benefits.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ _____
U.S. Magistrate Judge

5/30/06
Date

4